**DENIED and Opinion Filed November 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01339-CV

### IN RE SONIA ALVAREZ, Relator

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-07-16957**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Myers

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to transfer venue of this case to Collin County, Texas. Relator contends transfer of venue is mandatory because the real party in interest failed to properly contest her motion to transfer venue. Section 155.201 of the Texas Family Code provides:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, *on the timely motion* of a party the court shall, within the time required by Section 155. 204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM. CODE ANN. § 155.201(b) (West 2014) (emphasis added). With exceptions not applicable here, a motion "by a petitioner or movant is timely if it is made at the time the initial pleadings are filed." TEX. FAM. CODE ANN. § 155.204(b) (West 2014). "A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever

is sooner." *Id.* Moreover, if a motion to modify or motion for enforcement is filed while a prior motion to modify or motion for enforcement is pending, the trial court may transfer the case only if the court could have transferred the proceeding at the time the first motion was filed. TEX. FAM. CODE ANN. § 155.201(c) (West 2014).

The mandamus record demonstrates relator's motion to transfer venue was untimely. The trial court did not abuse its discretion in failing to grant her motion. We deny the petition for writ of mandamus.

/Lana Myers/
LANA MYERS
JUSTICE

151339F.P05